IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISON

| | | |
|---|---|---|
| ANGELICA OLIVAS | ( | No. _25-CV-81__ |
| | ( | |
| v. | ( | |
| | ( | |
| CITY OF MIDLAND, TEXAS | ( | |

## COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

ANGELICA OLIVAS, Plaintiff, complains of CITY OF MIDLAND, TEXAS, Defendant, and for causes of action would show:

1.

(The Party Plaintiff)

ANGELICA OLIVAS, Plaintiff, is an individual and resident of Midland County, Texas.

2.

(The Party Defendant)

Defendant CITY OF MIDLAND, TEXAS is a local government within the State of Texas. This Defendant may be served by serving with process Hon. Lori Blong, Mayor, City of Midland, Texas at 300 No. Loraine Ave., Midland, Texas 79701.

3.

(Venue & Primary Jurisdiction)

Venue is proper in this District Court and this Division for the reason that the wrongful conduct occurred in Midland County, Texas, which is located within the Midland/Odessa Division of the United States District Court for the Western District of Texas.

The Plaintiff invokes the federal question jurisdiction of the United States District Court, for he sues for remedies under the Americans With Disabilities Act and to the extent germane, Title VII of the United States Code and 42 U.S.C. sec. 1983.

The conditions precedent to filing suit have been met. The Plaintiff timely filed a Charge of Discrimination. A Notice of Right to sue was served upon the Plaintiff on or about December 12, 2024.

4.

(Causes of Action)

The Plaintiff was hired by the City of Midland, Texas, a municipality formed and existing under the laws of the State of Texas. As such, the Defendant is a local government and its actions herein where the results of decisions and conduct committed one or more employees acting under the colour of state law.

On or about May 20, 2013, Plaintiff commenced employee with Defendant as a Laboratory Technician. Her initial rate of pay was $17.00 per hour. She rose to the position of Laboratory Manager and held that position until August 22, 2023, when she was terminated. At the time of termination, Plaintiff's immediate supervisor was Carl Craigo.

Prior to her termination, Plaintiff came under the care of two or more health care providers. She had been diagnosed with Hashimotos, which is a thyroid disease. Plaintiff had also been diagnosed with a mental health. Each disease had the affect of limiting or negatively disturbing Plaintiff's normal, daily activities. But, with reasonable accommodation, the Plaintiff was able to perform her regular work assignments. Co-workers had claims against Plaintiff that she "was hardly" at work for an eight month period. Plaintiff advised her supervisor Carl Craigo had she had been in attendance or that she gave advanced notice and obtained his permission. She further

advised Craigo if she would step out to visit her counselor over zoom during her lunch hour.

Plaintiff had been subjected to harassment and/or retaliation by co-workers, who claimed falsely she was absent from work. Plaintiff advised Craigo of this harassment and/or retaliation, but he failed or refused to make corrective steps with the co-workers. This harassment and/or retaliation created a hostile work environment for the Plaintiff.

On or about August 18, 2023, Defendant, acting through its agents, employees, and/or representatives, who were also acting under the colour of state law, placed Plaintiff on administrative leave after she requested accommodations for her physical, mental and medical conditions. On or about August 22, 2023, Plaintiff terminated based on false claims of excessive absences. This ground was a pretext to hide unlawful discrimination based on disability and based on Defendant's refusal to provide reasonable accommodation for one or more known physical or mental disabilities that affected her daily activities.

The Plaintiff incorporates into this Complaint the statements he provided to the United States Equal Employment Opportunity Commission, as if such statement copied herein verbatim.

The Plaintiff complained to his supervisors about the harassment, including the harassment described above, but the supervisors failed to take prompt or effective remedial action and permitted the harassment to continue.

For causes of action, the Plaintiff pleads the following:

(a) *Violation of Americans With Disabilities Act*, The Defendant, in its capacity as a state actor and through its employees, Who were acting on the job, in the course and scope of their employment, and under the colour of state law, violated the Americans With Disabilities Act: [1] the Plaintiff was disabled or regarded as disabled; [2] the Plaintiff was subjected to

unwelcomed harassment, i.e., frequently being the subject of false rumors; [3] the harassment was because of her disability; [4] the harassment affected a term, condition or privilege of employment, by creating a hostile environment; and [5] the employer knew, or should have known, of the harassment and failed to take prompt and/or effective remedial action.

Plaintiff terminated in violation of the Americans With Disabilities Act., and as a proximate result sustained damages in the form of loss of income, mental anguish and pain and suffering.

The Plaintiff sues under the foregoing Act for [1] general and special damages proximately caused by the discharge and, either in addition to or separately, [2] general and special damages proximately caused by the acts of harassment.

As a proximate result of the violation of the foregoing statute, the Plaintiff sustained injury, loss and damages.

(b) *Violation of Propery or Liberty*. The Defendant's conduct deprived Plaintiff's of liberty and/or property under the Fourteenth Amendment to the United States Constitution. The Plaintiff had a property and/or liberty interest in pursuing a profession and separately a liberty interest in pursuing a profession free of disability based harassment.

The Defendant's employees were acting under the colour of state law, as it primarily provided for laboratory testing of the water department for the City of Midland, Texas. Carl Craigo is a policy maker and he allowed a policy or custom to arise and maintain to the degree that such policy or custom created a hostile work environment, where a reasonably situated employee would find his physical or mental health and safety was in jeopardy by remaining in the employment status.

5.

(Damages)

As a proximate result of the conduct of the Defendant, the Plaintiff sustained damages in the form of loss of income, future loss of earning capacity, mental anguish, pain and suffering and physical and mental impairment. The Plaintiff has sustained a loss of income of up to $150,000.00. The Plaintiff requests up to $750,000.00 for damages of mental anguish and pain and suffering and mental and physical impairment.

The Plaintiff prays for the sum of up to $250,000.00 for loss of retirement benefits.

The Plaintiff prays for the recovery from the Defendant, jointly and/or severally, if applicable of all damages in excess of the minimum Jurisdiction of the Court.

6.
(Notice to Defendants)

A notice of suit rights was served upon the Plaintiff and the Defendant.

7.
(Attorney's Fees)

The Plaintiff requests the recovery of reasonably attorney's fees in an amount in excess of the minimum jurisdiction of the Court, if permitted by statute or case law.

The Plaintiff requests the recovery of up to $75,000.00 for pre-trial representation and up to $25,000.00 for trial of this case. If the Defendant elects to appeal, the Plaintiff prays for the recovery of up to $50,000.00 for representation through the United States Court of Appeals for the Fifth Circuit.

8.
(Interest)

The Plaintiff requests the recovery of pre-judgment interest, post-judgment interest and the costs of Court.

9.

The Plaintiff demands a trial by jury.

Prayer

Wherefore, the Plaintiff requests that the Defendant be cited to appear and answer and after a trial on the merits, the Plaintiff requests the recovery of a Judgment awarding the following relief:

[a] Compensatory damages for the elements and in the elements alleged above;

[b] Reasonable attorney's fees;

[c] Pre-judgment interest, post-judgment interest and costs of court;

[d] Such other relief to which the Plaintiffs are entitled to recover.

Respectfully submitted,

Steve Hershberger, Attorney at Law
600 No. Marienfeld St., Ste. 1035
Midland, TX 79701
432-570-4014
stevehersh@sbcglobal.net

By: /s/ Steve Hershberger
Steve Hershberger
Texas State Bar # 09543950

Admitted to practice before: U.S. District Court, Northern District of Texas, U.S. District Court, Western District of Texas; U.S. Court of Appeals, Fifth Circuit and U.S. Supreme Court

Attorney for Plaintiff