**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **ANGELICA OLIVAS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **MO:25-CV-00081-DC-RCG** |
| | § | |
| **CITY OF MIDLAND, TEXAS,** | § | |
| *Defendant.* | § | |

<u>**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**</u>

BEFORE THE COURT is Defendant City of Midland, Texas's Motion to Dismiss (Doc. 5).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED**. (Doc. 5).

## I.    BACKGROUND

This is an employment discrimination case. On February 20, 2025, Plaintiff Angelica Olivas ("Plaintiff") filed her Original Complaint against City of Midland, Texas ("Defendant"). (Doc. 1). Plaintiff began her employment with Defendant on May 20, 2013, as a Laboratory Technician. *Id.* at 2. She rose to the position of Laboratory Manager and held that position until August 22, 2023, when she was terminated. *Id.* In her Complaint, prior to her termination, Plaintiff alleges she was diagnosed with Hashimoto's disease and a mental health condition. *Id.* Plaintiff explains these conditions affected her normal daily activities, but, with reasonable accommodations, she was able to perform her regular work assignments. *Id.* However, Plaintiff asserts her co-workers claimed she was "hardly at work" for an eight-month period. *Id.* Plaintiff provides she was subject to "harassment and/or retaliation" by her co-workers falsely claiming

---
1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

she was absent from work. *Id.* at 3. Further, Plaintiff stated her supervisor—Carl Craigo ("Craigo")—was aware she was present at work or, when she was absent, she gave advanced notice and obtained his permission. *Id.* at 2. Plaintiff also advised Craigo of the harassment and/or retaliation from her co-workers but stated "he failed or refused to make corrective steps with the co-workers." *Id.* at 3. On August 18, 2023, Defendant placed Plaintiff on administrative leave after she requested accommodations for her conditions. *Id.* Five days later, Defendant terminated Plaintiff based on false claims of excessive absences. *Id.*

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC charge") and subsequently received a right-to-sue letter. (Docs. 1 at 3; 5 at 1). In this suit, Plaintiff asserts two causes of action: (1) violation of the Americans with Disabilities Act, 42 U.S.C. § 12102 *et seq.* ("ADA") and (2) violation of Plaintiff's property and/or liberty interests pursuant to 42 U.S.C. § 1983. *Id.* at 3–4. On May 15, 2025, Defendant filed the instant Motion to Dismiss. (Doc. 5). Plaintiff and Defendant timely filed their respective Response and Reply. (Docs. 6, 7). Consequently, this matter is ready for disposition.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain

2

statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In a court's review of a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

### III.    DISCUSSION

Plaintiff brings two causes of action—a hostile work environment claim under the ADA and a municipal liability claim under § 1983 for deprivation of a property or liberty interest. (Doc. 1 at 3–4). Defendant argues both claims should be dismissed. (Doc. 5). First, Defendant

asserts Plaintiff failed to exhaust her administrative remedies as to her hostile work environment claim, requiring dismissal. *Id*. at 3. Second, Defendant contends Plaintiff's § 1983 cause of action should be dismissed because she fails to provide sufficient factual allegations to state a claim. *Id*. at 7–10. The Court will address each in turn.

### 1. Plaintiff's Hostile Work Environment Claim

"The Fifth Circuit has recognized a cause of action for disability-based harassment as a hostile work environment under the ADA." *Williamson v. Am. Nat'l Ins.*, 695 F. Supp. 2d 431, 451 (S.D. Tex. 2010) (citing *Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 232–35 (5th Cir. 2001)). Modeled after the elements of a similar claim under Title VII, a plaintiff must show (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on her disability or disabilities; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt, remedial action.[2]

In its Motion to Dismiss, Defendant argues Plaintiff's claim under the ADA—that she was being harassed by her co-workers—must be dismissed because "she failed to identify, or otherwise complain of, harassment allegedly committed by Defendant in her Charge"; thus, she has not exhausted her administrative remedies. (Doc. 5 at 5). "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). To exhaust administrative remedies, the plaintiff must "file[] a timely charge with the EEOC and receive[] a statutory notice of right to sue." *Id*. at 379 (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)). "In determining whether a plaintiff has exhausted a particular claim, the scope of an

---

2. Defendant refers to Plaintiff's claim under the ADA as a harassment claim; the Court refers to it as a hostile work environment claim. (*See* Doc. 1 at 3–4) (listing the elements of a hostile work environment claim under her cause of action for a violation of the ADA).

EEOC complaint should be construed liberally." *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021). Fifth Circuit precedent instructs courts to construe EEOC complaints "broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation and that which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). An ADA lawsuit may include claims "like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Sanchez*, 431 F.2d at 466). Thus, courts engage in a "'fact-intensive analysis' of the administrative charge that looks beyond the four corners of the document to its substance." *Id.* (citing *Sanchez*, 431 F.2d at 466).

Even though Plaintiff's EEOC charge is a matter outside of the Complaint, the Court may consider it when ruling on the instant Motion. "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). This includes "documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). Plaintiff's EEOC charge falls squarely within these parameters, as it is referenced by her Complaint and the type of document which the Court may take judicial notice of at the Rule 12(b)(6) stage. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)

("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994))). Further, Defendant's Motion to Dismiss references the EEOC charge and Defendant's Reply brief attaches the charge, explaining it was inadvertently excluded from the Motion to Dismiss.[3] (Docs. 5, 7). Therefore, the Court will consider the substance of Plaintiff's EEOC charge while ruling on Defendant's Motion to Dismiss.

Defendant attacks Plaintiff's exhaustion of administrative remedies as to her hostile work environment claim because "Plaintiff's lawsuit far exceeds the scope of the allegations complained of in her Charge." (Doc. 7 at 2). Additionally, "Plaintiff's Charge does not contain the words 'harassment,' 'hostile work environment,' nor mention[s] her coworkers or supervisees, the persons she now alleges were the actors responsible for the alleged harassment." *Id*. Finally, Defendant argues "[i]t is not reasonable to expect that an investigation into alleged discrimination on the basis of disability and gender would reveal unlawful harassment or a hostile work environment." *Id*.

Plaintiff does not directly address this argument in her Response. Instead, she argues her EEOC filing was timely. (Doc. 6 at 5). However, that is not the relevant issue. The relevant issue is if, via a liberal interpretation, Plaintiff's EEOC charge sufficiently raises the issue of harassment or a hostile work environment by her co-workers. It is clear it does not. Plaintiff's EEOC charge is devoid of any allegations related to unwelcome harassment, harassment for her disabilities, or her co-workers creating a hostile environment. (Doc. 7-1). Plaintiff provides only that she "complained of discrimination" due to her disability and was "terminated in retaliation." *Id*. Plaintiff's statements in her EEOC charge are insufficient for the Court to reasonably expect a

---

3. Defendant requested leave, to the extent it was required, to attach Plaintiff's charge as an exhibit to its Reply. (Doc. 7 at 2 n.1). The Court grants such leave and will consider the EEOC charge.

hostile work environment or harassment investigation to grow from them. The Court finds Plaintiff failed to exhaust her administrative remedies regarding her hostile work environment claim. This is fatal to that cause of action.

Ordinarily, a dismissal under Rule 12(b)(6) for failure to exhaust administrative remedies is without prejudice to the plaintiff's right to return to court after exhausting the required administrative remedies. *Martin K. Eby Const. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004). However, where the time has passed to file a charge of discrimination based on the conduct alleged, the dismissal should be with prejudice. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995). From the time of the alleged discriminatory conduct, a plaintiff must file an EEOC charge within 300 days. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003). Plaintiff states in her EEOC charge that she was terminated on August 22, 2023. (Doc. 7-1 at 2). Any harassment she experienced must have occurred before this termination date, which is more than 300 days ago. Plaintiff is therefore time-barred from exhausting her administrative remedies as to her hostile work environment claim.

Accordingly, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's hostile work environment claim under the ADA. (Doc. 5). The Court further **RECOMMENDS** that cause of action be **DISMISSED WITH PREJUDICE**.

### 2. Plaintiff's § 1983 Claim

Plaintiff brings a second cause of action for her wrongful termination pursuant to § 1983. (Docs. 1 at 4; 6 at 2). Plaintiff alleges she "had a property and/or liberty interest in pursuing a profession and separately a liberty interest in pursuing a profession free of disability based harassment." (Doc. 1 at 4). Further, Plaintiff contends the City of Midland is liable because her supervisor, Craigo, is a policymaker and "he allowed a policy or custom to arise and maintain to

the degree that such policy or custom created a hostile work environment." *Id*. Conversely, Defendant argues Plaintiff has not pleaded any facts to show (1) the City of Midland had an unconstitutional policy or custom in place, (2) Craigo is a policymaker, or (3) the alleged policy or custom was the moving force behind any alleged violations.[4] (Doc. 5 at 7). The Court agrees with Defendant.

"Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating already conferred federal rights." *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) (citing *Albright v. Oliver*, 510 U.S. 266 (1994)). "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). For municipal liability to attach to Defendant, the unconstitutional conduct must be "directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). A municipality may be held liable only "where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5th Cir. 2017) (quoting *Monell*, 436 U.S. at 690). Thus, when bringing such a § 1983 claim, the plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury," *Goodman*, 571 F.3d at 395, and show that the municipality made "a deliberate choice to follow a course of action . . . from among various alternatives by city policymakers." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotations and alterations omitted). This is because "the Court 'intended to

---

4. Defendant raises two other arguments for dismissal of Plaintiff's § 1983 claim. The Court finds it unnecessary to address such arguments.

distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Sanchez v. Gomez*, 283 F. Supp. 3d 524, 533 (W.D. Tex. 2017) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)).

To hold a municipal entity, such as the City of Midland, liable for constitutional violations committed by municipal officers, a plaintiff must prove three elements: "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (quoting *Hicks-Fields*, 860 F.3d at 808). The plaintiff may satisfy the first element by demonstrating the existence of an official policy "through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority" or by showing the existence of a "persistent, widespread practice." *Sanchez*, 283 F. Supp. 3d at 533–34 (quoting *Valle v. City of Houston.*, 613 F.3d 536, 541–42 (5th Cir. 2010); *Piotrowski*, 237 F.3d at 579). Additionally, alleging a policy by showing that there was a widespread practice "requires the plaintiff to allege facts demonstrating a 'pattern of abuses that transcends the error made in a single case.'" *Bright v. City of Killeen*, No. 20-CV-431, 2021 WL 1226560, at *3 (W.D. Tex. Mar. 31, 2021) (quoting *Piotrowski*, 336 F.3d at 370). "That is, Plaintiff cannot satisfy the *Twombly* or *Iqbal* pleading standards on her official policy-or-custom allegation if the only facts she alleges with specificity relate to the events that gave rise to this action." *Ayon v. Austin Indep. Sch. Dist.*, 19-CV-586, 2020 WL 1536383, at *4 (W.D. Tex. Mar. 31, 2020) (citing *Ratliff v. Aransas County*, 614 F.3d 161, 169 (5th Cir. 2010)).

As to the second element, "[a] policy or custom is official only 'when it results from the decision or acquiescence of the municipal officer or body with "final policymaking authority"

over the subject matter of the offending policy.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). Further, the municipality or official with policymaking authority must have had "[a]ctual or constructive knowledge of such [policy or] custom." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). "[W]hether an official had final policymaking authority is a question of state law." *Pembaur*, 475 U.S. at 483. Under Texas law, the final policymaker of a city is the city council. *Groden v. City of Dallas*, 826 F.3d 280, 286 (5th Cir. 2016). Thus, the question for courts is whether the plaintiff pleaded sufficient facts to show that the city council promulgated or ratified the alleged unconstitutional policy. *Id.*

Third, "a plaintiff must allege 'moving force causation,'" which requires the plaintiff to show "that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Sanchez*, 283 F. Supp. 3d at 534 (quoting *Valle*, 613 F.3d at 542). The degree of culpability required is "deliberate indifference," which "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 410 (1997)).

Plaintiff's Complaint fails to meet any of the three prongs. Plaintiff's only allegation relating to a policy or custom of Defendant is that Craigo is a policymaker for the city and he "allowed a policy or custom to arise and maintain to the degree that such policy or custom created a hostile work environment, where a reasonably situated employee would find [her] physical or mental health and safety was in jeopardy by remaining in the employment status." (Doc. 1 at 4). This is completely insufficient, conclusory, and devoid of factual allegations.

Plaintiff does not state what the policy or custom is; Craigo is not the city council and therefore not the city's policymaker; and there is no explanation as to how the alleged "policy or custom" was a moving force in violating Plaintiff's rights. Thus, Plaintiff fails to state a claim for relief under § 1983.

Accordingly, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's § 1983 claim. (Doc. 5). The Court further **RECOMMENDS** that cause of action be **DISMISSED WITH PREJUDICE**.

### IV.    RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED**. (Doc. 5). Further, the Court **RECOMMENDS** Plaintiff's hostile work environment claim under the ADA and § 1983 claim be **DISMISSED WITH PREJUDICE**.

SIGNED this 24th day of July, 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).