**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **ANGELICA OLIVAS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **MO:25-CV-00081-DC-RCG** |
| | § | |
| **CITY OF MIDLAND, TEXAS,** | § | |
| *Defendant.* | § | |

<u>**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**</u>

BEFORE THE COURT is Defendant City of Midland, Texas's Second Motion to Dismiss (Doc. 11).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Defendant's Second Motion to Dismiss be **GRANTED**. (Doc. 11).

## I.    BACKGROUND

This is an employment discrimination case. On February 20, 2025, Plaintiff Angelica Olivas ("Plaintiff") filed her Original Complaint against City of Midland, Texas ("Defendant"). (Doc. 1). Plaintiff began her employment with Defendant on May 20, 2013, as a Laboratory Technician. *Id.* at 2. She rose to the position of Laboratory Manager and held that position until August 22, 2023, when she was terminated. *Id.* In her Complaint, Plaintiff alleges THAT prior to her termination she was diagnosed with Hashimoto's disease and a mental health condition. *Id.* Plaintiff explains these conditions affected her normal daily activities, but, with reasonable accommodation, she was able to perform her regular work assignments. *Id.* However, Plaintiff asserts her co-workers claimed she was "hardly at work" for an eight-month period. *Id.* Plaintiff provides she was subject to "harassment and/or retaliation" by her co-workers falsely claiming

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

she was absent from work. *Id*. at 3. Further, Plaintiff stated her supervisor—Carl Craigo ("Craigo")—was aware she was present at work or, when she was absent, she gave advanced notice and obtained his permission. *Id*. at 2. Plaintiff also advised Craigo of the harassment and/or retaliation from her co-workers but stated "he failed or refused to make corrective steps with the co-workers." *Id*. at 3. On August 18, 2023, Defendant placed Plaintiff on administrative leave after she requested accommodations for her conditions. *Id*. Four days later, Defendant terminated Plaintiff based on false claims of excessive absences. *Id*.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC charge") and subsequently received a right-to-sue letter. (Doc. 1 at 3). On May 15, 2025, Defendant filed a Motion to Dismiss two causes of action—(1) a hostile work environment claim under the American with Disabilities Act ("ADA") and (2) a municipal liability claim under 42 U.S.C. § 1983 for deprivation of a property or liberty interest. (Doc. 5). Following briefing from the Parties, the undersigned issued a Report and Recommendation ("R. & R."), concluding Defendant's Motion should be granted and Plaintiff's only two causes of action should be dismissed with prejudice. (Doc. 8). After no party objected, the District Judge adopted the R. & R. in full, then ordered Defendant to timely file its Answer. (Doc. 9). Based on confusion by Defendant, the District Judge issued an Order of Clarification, explaining Plaintiff had pleaded a third cause of action[2] that Defendant was not aware of and did not address in its

---

2. The undersigned notes Plaintiff's Complaint contains two causes of action subsections: "(a) Violation of Americans With Disabilities Act" and "(b) Violation of Property or Liberty." (Doc. 1 at 3–4). While the first subsection is admittedly broad and *could* contain a theory of retaliation, Plaintiff, in this subsection, only lists the elements of a hostile work environment claim and does not include the word "retaliation." *Id*. While Plaintiff does state in this section she was terminated, the undersigned does not believe that is sufficient to have pleaded a cause of action for retaliation. It is also worth noting that it is not entirely clear whether this alleged third cause of action under the ADA is based on a theory of retaliation or failure to accommodate as Plaintiff uses buzz words for each but does not detail either one. Defendant moves to dismiss a retaliation claim, so that is what the undersigned will analyze.

first Motion to Dismiss. *Id.* "Given these confounding circumstances," the District Judge gave Defendant the option to file a second Motion to Dismiss. *Id.*

On August 25, 2025, Defendant filed its Second Motion to Dismiss Plaintiff's putative retaliation claim. (Doc. 11). Plaintiff and Defendant timely filed their respective Response[3] and Reply. (Docs. 14, 15). Consequently, this matter is ready for disposition.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

---

3. While the undersigned does not necessarily blame Plaintiff for running with her newfound claim, it is notable that her Responses to both of Defendant's Motions to Dismiss state, "Plaintiff raises two claims for recovery." (Docs. 6 at 3; 14 at 3).

In a court's review of a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

## III.    DISCUSSION

In the instant Motion, Defendant moves to dismiss "Plaintiff's putative claim that she was retaliated against in violation of the ADA because she failed to exhaust administrative remedies for this claim, or alternatively, because she failed to plead sufficient facts so as to state a claim for relief." (Doc. 11 at 2). In response, Plaintiff makes several uncompelling and, frankly, confusing arguments: (1) Plaintiff does not need to exhaust her administrative remedies for a retaliation claim; (2) Plaintiff re-urges both her hostile work environment claim and § 1983 claim, which the Court previously dismissed with prejudice; and (3) Plaintiff argues her EEOC charge was timely filed, which has never been disputed, and generally states the charge alleges sufficient facts. (Doc. 14).

### A.    Exhaustion of Administrative Remedies

In its Motion to Dismiss, Defendant argues "Plaintiff did not exhaust administrative remedies as it relates to any retaliation claim because her Charge fails to identify, or otherwise complain of, retaliation allegedly committed by her coworkers or due to a request for reasonable accommodations." (Doc. 11 at 5). Contrary to what Plaintiff argues, "[e]mployment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Exhausting administrative remedies is a requirement under both Title VII and the ADA. 42 U.S.C. §§ 12117(a), 2000e-5(e)(1); *Sambrano v. United Airlines, Inc.*, 707 F. Supp. 3d 652, 671 (N.D. Tex. 2023).

To exhaust administrative remedies, the plaintiff must "file[] a timely charge with the EEOC and receive[] a statutory notice of right to sue." *Taylor*, 296 F.3d at 379 (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)). "In determining whether a plaintiff

has exhausted a particular claim, the scope of an EEOC complaint should be construed liberally." *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021). Fifth Circuit precedent instructs courts to construe EEOC complaints "broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation and that which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). An ADA lawsuit may include claims "like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Sanchez*, 431 F.2d at 466). Thus, courts engage in a "'fact-intensive analysis' of the administrative charge that looks beyond the four corners of the document to its substance." *Id*. (citing *Sanchez*, 431 F.2d at 466).

Even though Plaintiff's EEOC charge is a matter outside of the Complaint, the Court may consider it when ruling on the instant Motion. "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). This includes "documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). Plaintiff's EEOC charge is referenced in her Complaint, attached to Defendant's Motion to Dismiss (Doc. 11-1), and the type of document which the Court may take judicial

notice of at the Rule 12(b)(6) stage. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). Therefore, the Court will consider the substance of Plaintiff's EEOC charge while ruling on Defendant's Motion to Dismiss.

Defendant attacks Plaintiff's exhaustion of administrative remedies as to her retaliation claim because "Plaintiff wholly fails to enunciate facts sufficient to direct the EEOC to investigate claims based on retaliation from her co-workers or for requesting reasonable accommodations for her purported disability . . . ." (Doc. 11 at 5). Plaintiff again does not directly address this argument in her Response. Instead, she argues her EEOC filing was timely, which is not in dispute. (Doc. 14 at 5).

The Court reads Plaintiff's claim for retaliation more narrowly than Defendant. When looking at her Complaint, there are only two paragraphs where Plaintiff could be alleging facts related to retaliation:

> Plaintiff had been subjected to harassment and/or retaliation by co-workers, who claimed falsely she was absent from work. Plaintiff advised Craigo of this harassment and/or retaliation, but he failed or refused to make corrective steps with the co-workers. This harassment and/or retaliation created a hostile work environment for the Plaintiff.
>
> On or about August 18, 2023, Defendant . . . placed Plaintiff on administrative leave after she requested accommodations for her physical, mental and medical conditions. On or about August 22, 2023, Plaintiff [was] terminated based on false claims of excessive absences. This ground was a pretext to hide unlawful discrimination based on disability and based on Defendant's refusal to provide reasonable accommodation for one or more known physical or mental disabilities that affected her daily activities.

(Doc. 1 at 3). The Court finds Plaintiff's retaliation claim is based only on her being terminated after she requested reasonable accommodations. While Plaintiff states she faced "retaliation by co-workers," these allegations seemingly support her previously dismissed hostile work environment claim. *Id*. This reading is supported by Plaintiff's Response where she discusses retaliation and termination only in the context of requesting accommodations and she mentions her co-workers in connection with her hostile work environment claim. (Doc. 14 at 1–3). Further, even if Plaintiff is alleging her co-workers were the ones retaliating against her, Plaintiff gives the Court no reason to believe her co-worker's alleged retaliation can be imputed to their employer.[4] *McWilson v. Bell Textron, Inc.*, No. 23-CV-01104, 2024 WL 3585615, at *5 (N.D. Tex. July 30, 2024) ("A retaliation claim requires a plaintiff to allege that the *employer* took a retaliatory adverse employment action against the employee. A co-worker's act of retaliation against an employee ordinarily does not support a retaliation claim . . . .") (citing *Brandon v. Sage Corp.*, 808 F.3d 266, 273 (5th Cir. 2015)); *Russel v. McKinney Hosp. Venture*, 235 F.3d 219, 226 (5th Cir. 2000) ("Ordinary employees normally cannot affect the employment of their co-employees."); *Vance v. Ball St. Univ.*, 570 U.S. 421, 440–41 (2013) ("Co-workers, the Court noted, can inflict psychological injuries by creating a hostile work environment, but they cannot dock another's pay, nor can one co-worker demote another.") (internal quotations omitted). Accordingly, the relevant question is whether Plaintiff's EEOC charge sufficiently raises the issue of Plaintiff being retaliated against after requesting accommodations for her disability. The Court finds it does not.

Relevantly, Plaintiff's EEOC charge states the following:

---

4. The Court also notes, even if as part of her retaliation claim Plaintiff was alleging her co-workers retaliated against her, she makes no mention of her co-workers in her EEOC charge. Accordingly, she would not have exhausted these claims.

> On or about August 18, 2023, I was placed on administrative leave after complaining of employment discrimination due to my disability and gender. On or about August 22, 2023, I was terminated in retaliation because I complained of discrimination.

(Doc. 11-1 at 2). As a matter of principle, different claims under the ADA (e.g., disparate treatment, retaliation, failure to accommodate) "represent distinct categories of disability discrimination under the ADA." *Hamar v. Ashland, Inc.*, 211 F. App'x 309, 310 (5th Cir. 2006). Here, Plaintiff's EEOC charge refers to alleged discrimination for a disability under the ADA and gender under Title VII. (Doc. 11-1 at 2). Plaintiff then just generally states she was terminated in retaliation because she complained of discrimination but makes no distinction as to whether the discrimination was based on her disability or gender.

Further, Plaintiff's charge is almost wholly devoid of facts, and the few facts that are provided do not align with the allegations in her Complaint. "[W]hether a claim is beyond the scope of an employee's EEOC charge depends on whether the claim arises from facts alleged in the charge." *Sambrano*, 707 F. Supp. 3d at 677 (holding the plaintiff's retaliation claim falls within the scope of her EEOC charge because the claim stems from the same factual allegations as her failure-to-accommodate claim). While Plaintiff does state she was terminated in retaliation, she does not say or provide any facts to infer that she was terminated after requesting reasonable accommodations due to her disability, as she does in her Complaint. *See, e.g.*, *Jones v. City of Dallas*, No. 22-CV-1477, 2024 WL 3207030, at *6 (N.D. Tex. June 6, 2024) (holding the plaintiff failed to exhaust her administrative remedies for retaliation because her charge alleges she was retaliated against due to her complaints of unequal pay and requests for reasonable accommodations but her complaint alleges she was terminated in retaliation for bringing a prior lawsuit alleging gender and race discrimination); *Sorrells v. Santander Consumer USA, Inc.*, No. 23-CV-2589, 2025 WL 2232358, at *10 (N.D. Tex. July 18, 2025)

(holding an EEOC charge that states the plaintiff was terminated while on medical leave because she was not medically able to return was not sufficient to lead the EEOC to investigate the alleged retaliation for seeking reasonable accommodations). Plaintiff's statements in her EEOC charge are insufficient for the Court to reasonably expect a retaliation investigation following a request for accommodations to grow from them. Accordingly, the Court finds Plaintiff failed to exhaust her administrative remedies regarding her retaliation claim. This is fatal to her cause of action.

Ordinarily, a dismissal under Rule 12(b)(6) for failure to exhaust administrative remedies is without prejudice to the plaintiff's right to return to court after exhausting the required administrative remedies. *Martin K. Eby Const. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004). However, where the time has passed to file a charge of discrimination based on the conduct alleged, the dismissal should be with prejudice. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995). From the time of the alleged discriminatory conduct, a plaintiff must file an EEOC charge within 300 days. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003). Plaintiff states in her EEOC charge that she was terminated on August 22, 2023. (Doc. 7-1 at 2). Plaintiff's alleged retaliation claim accrued on this termination date, which is more than 300 days ago. Plaintiff is therefore time-barred from exhausting her administrative remedies as to her retaliation claim.

Accordingly, the Court **RECOMMENDS** Defendant's Second Motion to Dismiss be **GRANTED** as to Plaintiff's retaliation claim under the ADA (Doc. 11) and the cause of action be **DISMISSED WITH PREJUDICE**.

### B.  Failure to State a Claim

Even if the Court found Plaintiff had exhausted her administrative remedies as to her retaliation claim, Plaintiff did not sufficiently state a claim for relief. For Plaintiff to establish a claim for retaliation under the ADA, she must show: (1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action. *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999). While it is not disputed that Plaintiff suffered an adverse employment action by being terminated, Plaintiff's allegations as to the first and third elements are entirely too conclusory to sufficiently plead a cause of action.

As to the first element, Plaintiff provides only that she was placed "on administrative leave after she requested accommodations for her physical, mental and medical conditions." (Doc. 1 at 3). In the context of the ADA, requesting medical accommodation is a protected activity that satisfies the first element of a retaliation claim. *See Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 317 (5th Cir. 2007). However, Plaintiff's allegation is conclusory. Plaintiff fails to include any facts regarding when she requested accommodations, what disability she was requesting accommodations for, what were the accommodations requested, who did she request accommodations from, etc. While Plaintiff is not required to spell out every detail of her protected activity at the motion to dismiss stage, the Court needs at least *a* fact indicating Plaintiff engaged in a protected activity. *Iqbal*, 556 U.S. at 678 (stating "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth); *Milteer v. Navarro County*, 652 F. Supp. 3d 754, 763 n.10 (N.D. Tex. 2023) (indicating a complaint alleging the plaintiff requested accommodations for PTSD and hearing loss was insufficient to state a protected activity because there were no facts surrounding

11

why accommodations were necessary, what sort of accommodations were requested, nor how or why the requested accommodations were refused).

Even if Plaintiff sufficiently alleged she engaged in a protected activity, she fails to show a causal connection. To satisfy the third element, Plaintiff must show there was a causal connection between participation in the protected activity and the adverse employment decision. *LeMaire v. La. Bd. of Transp. & Dev.*, 480 F.3d 383, 388 (5th Cir. 2007). "At the prima facie stage, the standard for satisfying the causation element is 'much less stringent' than a 'but for' causation standard. Nevertheless, the plaintiff must produce some evidence of a causal link between the protected activity and the adverse employment action to establish a prima facie case of retaliation." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (quoting *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 191 (5th Cir. 2001)). "[C]lose timing between an employee's protected activity and an adverse action against [her] may provide the 'causal connection' required to make out a prima facie case of retaliation." *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). The Fifth Circuit has stated that "[w]hile a four-month gap may be sufficient evidence of causation, a five-month gap is too long absent other evidence." *Aguillard v. La. Coll.*, 824 F. Appx. 248, 251 (5th Cir. 2020). Here, Plaintiff alleges she was placed on administrative leave on August 18, 2023, and was terminated four days later. (Doc. 1 at 3). However, Plaintiff makes no indication as to when she requested accommodations. Rather she simply states she was placed on leave after requesting accommodations. *Id*. With no timeline or factual allegations provided, the Court is unable to infer a causal connection between the protected activity and the adverse employment action.

Accordingly, even if Plaintiff had exhausted her administrative remedies, the Court would still **RECOMMEND** Defendant's Second Motion to Dismiss be **GRANTED** as to

Plaintiff's retaliation claim (Doc. 11) and the cause of action be **DISMISSED WITH PREJUDICE**.

## IV.    RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** Defendant's Second Motion to Dismiss be **GRANTED**. (Doc. 11). Further, the Court **RECOMMENDS** Plaintiff's retaliation claim under the ADA be **DISMISSED WITH PREJUDICE**.

SIGNED this 3rd day of November, 2025.


_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

13

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).